United States District Court
Southern District of Texas
**ENTERED**
June 16, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KAMEEL ISSA, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:20-CV-3227 |
| | § | |
| ALLSTATE COUNTY MUTUAL | § | |
| INSURANCE COMPANY, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff's Motion to Remand (Dkt. 11). After careful consideration of the pleadings, the motion and response, the entire record, the parties' submissions, and the applicable law, the Court **DENIES** the motion.

## FACTUAL AND PROCEDURAL BACKGROUND

This is a first-party insurance case involving uninsured/underinsured motorists ("UIM") coverage. After she was injured in a car accident, the plaintiff, Kameel Issa ("Issa"), made a claim on her UIM policy with Defendant Allstate County Mutual Insurance Company ("Allstate"). (Dkt. 1-2 at pp. 4–5). When Issa and Allstate could not reach an agreement, Issa filed a declaratory judgment action in Texas state court and named Allstate as the defendant, which is a typical manner of bringing first-party insurance lawsuits in Texas stemming from UIM policies. (Dkt. 1-2 at pp. 3–9). *See Allstate Insurance Company v. Irwin*, No. 19-0885, 2021 WL 2021446, at *1–3 (Tex. May 21, 2021). Issa sought a "judgment declaring her entitlement up to the [UIM] Policy Limits and attorney's fees and litigation costs pursuant to Tex. Civ. Prac. & Rem. Code §

37.009."[1] (Dkt. 1-2 at p. 7). Additionally, Issa requested "a declaratory judgment establishing her rights under the relevant UIM policy to no less than $500,000.00 but no more than $1,000,000.00." (Dkt. 1-2 at p. 7).

Allstate removed the case to this Court under the diversity jurisdiction statute, 28 U.S.C. §1332. (Dkt. 1). Issa filed this motion to remand, arguing that the amount-in-controversy requirement is not met and that the parties are not diverse.

## ANALYSIS

### Diversity Jurisdiction

Generally, a defendant may remove to federal court any state court civil action over which the federal court would have "original jurisdiction." 28 U.S.C. § 1441(a); *see Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281 (5th Cir. 2007). Federal courts have "original jurisdiction" over civil actions where the parties are diverse and the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs. 28 U.S.C. § 1332(a). "[D]oubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction." *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000). The removing party therefore bears the burden of establishing by a preponderance of the evidence that removal is proper. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

### A.  Amount in Controversy

A defendant meets its burden of establishing the requisite amount in controversy

---

[1] The Texas Declaratory Judgment Act is contained in Chapter 37 of the Texas Civil Practice and Remedies Code. Section 37.009 allows a court to "award costs and reasonable and necessary attorney's fees as are equitable and just." Tex. Civ. Prac. & Rem. Code § 37.009.

for diversity jurisdiction if: "(1) it is apparent from the face of the petition that the claims exceed $75,000, or, alternatively, (2) the defendant sets forth 'summary judgment type evidence' of facts in controversy that support a finding of the requisite amount." *Manguno*, 276 F.3d at 723. Once a defendant meets its burden, removal is proper, provided the plaintiff has not shown to a legal certainty that his claim is for less than the federal jurisdictional minimum. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995).

Issa's state-court petition seeks "a declaratory judgment establishing her rights under the relevant UIM policy to no less than $500,000.00 but no more than $1,000,000.00." (Dkt. 1-2 at p. 7). Although she concedes that her pleading seeks over $500,000 in relief, Issa argues that she can show to a legal certainty that the amount-in-controversy requirement is not met because: (1) her claim for attorney's fees should not be considered for jurisdictional purposes, so her recovery is limited as a matter of law to her UIM policy limits of $30,000; and (2) Issa has filed a binding stipulation with her motion to remand that limits her recovery to $74,500.00. (Dkt. 11 at pp. 3–4, 6–9). The Court disagrees with Issa.

i.    Attorney's fees

First, Issa contends that her claim for attorney's fees should not be considered for jurisdictional purposes. Issa bases this argument on the different ways in which the Texas and federal declaratory judgment statutes treat claims for attorney's fees. (Dkt. 11 at pp. 6–9).

"When a declaratory judgment action is filed in state court and is subsequently

removed to federal court, it is converted to one brought under the federal Declaratory Judgment Act." *Bell v. Bank of America Home Loan Servicing LP*, No. 4:11-CV-2085, 2012 WL 568755, at *8 (S.D. Tex. Feb. 21, 2012). As a result of that conversion, Issa argues, this lawsuit is now a federal declaratory judgment action, and Issa can no longer recover attorney's fees. (Dkt. 11 at pp. 6–9). Therefore, the argument continues, the amount in controversy is now capped at Issa's $30,000 policy limit. (Dkt. 11 at pp. 6–9). The Court finds this argument unpersuasive.

As Judge Rosenthal held in *Johnson v. Allstate Fire & Casualty Insurance Company*, No. 4:20-CV-2397, Issa's argument "violates the long-established general rule that jurisdictional facts are determined at the time of removal." *Johnson v. Allstate Fire & Casualty Insurance Company*, No. 4:20-CV-2397, memorandum and opinion entered October 13, 2020 (J. Rosenthal) (quotation marks omitted); *accord, Nguyen v. Allstate Fire & Casualty Insurance Company*, order entered October 19, 2020 (J. Lake). (Dkt. 11-2 at p. 4; Dkt. 11-3).[2] A post-removal diminution of the amount in controversy—such as the conversion of a Texas state-law declaratory judgment action to a federal-law declaratory judgment action—does not eliminate diversity jurisdiction. (Dkt. 11-2 at pp. 4–5; Dkt. 11-3). Accordingly, the Court finds that the amount of Issa's request for attorney's fees is properly considered for jurisdictional purposes.

ii.    Issa's stipulation

Next Issa argues that the amount-in-controversy requirement is not met because

---

[2] The memorandum and orders in *Johnson v. Allstate Fire & Casualty Insurance Company* and *Nguyen v. Allstate Fire & Casualty Insurance Company* were attached to the briefing in this case and can be found, respectively, at docket entries 11-2 and 11-3.

she has filed a binding stipulation with her motion to remand that limits her recovery to $74,500.00. (Dkt. 11 at p. 4). The Court disagrees.

"[I]f it is facially apparent from the petition that the amount in controversy exceeds $75,000 at the time of removal, post-removal affidavits, stipulations, and amendments reducing the amount do not deprive the district court of jurisdiction." *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000). Issa's petition, on its face, sought at least $500,000 at the time of removal (Dkt. 1-2 at p. 7), so her stipulation is ineffective because she filed it after the case was removed, not before. *Friedrichs v. Geovera Specialty Insurance Company*, No. 7:12-CV-392, 2013 WL 674021, at \*3 (S.D. Tex. Feb. 22, 2013) ("The Court's discretion in considering post-removal filings, such as the offered stipulation, is actuated only if the amount in controversy is shrouded in ambiguity, such that it is not facially apparent from the petition that the amount in controversy exceeds $75,000 at the time of removal.") (quotation marks omitted); *see also De Aguilar*, 47 F.3d at 1412.

Issa has not shown to a legal certainty that her claim at the time of removal was for less than the federal jurisdictional minimum. Her state-court petition expressly sought at least $500,000; her claim for attorney's fees is properly considered for jurisdictional purposes; and her stipulation limiting her recovery to $74,500 has no jurisdictional effect. Accordingly, the Court finds that the amount-in-controversy requirement for diversity jurisdiction is met.

B. *Citizenship*

Finally, Issa argues that the Court cannot have diversity jurisdiction over this case

because she and Allstate are not diverse. Citing 28 U.S.C. § 1332(c)(1)(A), Issa contends that Allstate, which is an Illinois corporation with its principal place of business in Illinois, is nevertheless "deemed a citizen of the State of Texas" because "[t]he present case is a direct action against Allstate[.]" (Dkt. 11 at p. 4). The Court disagrees.

28 U.S.C. § 1332(c)(1)(A) provides that, "in any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of . . . every State and foreign state of which the insured is a citizen[.]" 28 U.S.C. § 1332(c)(1)(A). Issa contends that her claim is the type of direct action contemplated by this statute, making Allstate a fellow citizen of Texas. (Dkt. 11 at p. 4). However, "[c]ase law precludes this argument." *Torres v. Allstate Fire & Casualty Insurance Company*, No. 4:20-CV-1720, 2020 WL 3077932, at *1 (S.D. Tex. June 10, 2020). "[T]he direct action provision applies only to cases in which an injured party sues a tortfeasor's insurance company directly. It does not apply to an insured's action against his own insurance company." *Garza v. Travelers Casualty Insurance Company of America*, No. 2:19-CV-55, 2019 WL 1789644, at *1 (S.D. Tex. Apr. 24, 2019). Texas law precludes the sort of direct action against a third-party liability insurer to which 28 U.S.C. § 1332(c)(1)(A) would apply. *Torres*, 2020 WL 3077932 at *1. Accordingly, the Court finds that the direct-action provisions of the diversity jurisdiction statute do not apply to this case, and the parties are diverse.

## CONCLUSION

The Court finds that Allstate has carried its burden to establish that federal jurisdiction exists in this case and that removal was proper. The Court has diversity jurisdiction over this action and the motion to remand (Dkt. 11) is **DENIED.**

SIGNED at Houston, Texas, this 16th day of June, 2021.

GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE